IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA MCMILLAN, TERRY DAGENHART and KRISTY DAGENHART as husband and wife, WILLIAM KETTERHAGEN, DOLORES GUTIERREZ, MARC MARTINEZ, Individually and on Behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.<br><br>Defendant. / | No. C 08-05739 WHA<br><br>**ORDER RE DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE** |

**INTRODUCTION**

In this putative class action, defendant Wells Fargo Bank, N.A. moves to dismiss for improper venue or in the alternative for failure to state a claim. For the reasons stated below, defendant's motion to dismiss for improper venue is **GRANTED**.

**STATEMENT**

Plaintiffs filed an amended complaint on February 11, 2009, alleging claims based on California statutory law including violations of the Consumer Legal Remedies Act, Unfair Business Practices Act, and False Advertising Law. Claims are also asserted for breach of contract, unjust enrichment, and conversion. The six plaintiffs are Wells Fargo customers who live in different parts of the United States — but none in California: (1) Donna McMillan resides in St. Louis Park, Minnesota; (2) Terry and Kristy Dagenhart, husband and wife, reside

in Austin, Texas; (3) Marc Martinez resides in Albuquerque, New Mexico; (4) William Ketterhagen resides in Gunnison, Colorado; and (5) Dolores Gutierrez resides in Salem, Oregon. The state where each plaintiff lives is also the state where each plaintiff opened their respective accounts. As stated, none of the six plaintiffs are residents of California or opened their accounts in California. Plaintiffs seek to assert claims on behalf of a class of consumers but would exclude customers in certain other pending class actions against Wells Fargo.

Headquartered in San Francisco, California, Wells Fargo is one of the nation's largest banks and financial institutions and it serves millions of customers nationwide. In conjunction with its banking services, Wells Fargo issues debit cards to its checking-account customers. Such a card allows a customer electronic access to his or her checking account and to debit funds directly from his or her account for purchases, cash withdrawals, and other electronic debit transactions.

When an account is opened with Wells Fargo, the bank provides the customer with a standardized consumer account agreement. That agreement contains the following language (Chavez Exh. A at 33–34) (emphasis in original):

> **Laws Governing Your Account.** Your Account is governed by the laws and regulations of the United States and, to the extent applicable, the laws of the state in which the office of the Bank that maintains your Account is located (unless the Bank has notified you in writing that the laws of another state shall govern your Account), without regard to conflicts of laws principles, or clearing house rules and the like. If you were not physically present at an office of the Bank when you opened your Account (for example if you opened your Account by phone, through the mail, or over the Internet), your Account will be governed by the laws of the state in which the main office of the Bank is located unless the Bank notifies you that your Account has been assigned to a particular office of the Bank. . . .
>
> **The Bank and you agree that any lawsuits, claims, or other proceedings arising from or relating to your Account or this Agreement, including without limitation, the enforcement of the Arbitration Agreement in this Agreement and the entry of judgment on any arbitration award, shall be venued exclusively in the state or federal courts in the state whose laws govern your Account (unless the Bank has notified you that your Account will be assigned to a particular office, in which case, it shall be venued exclusively in the state or federal courts located in the state in which that office is located), without regard to conflict of laws principles.**

2

1  At pages 8 and 9 is the following language in a class action waiver and arbitration provision

2  (emphasis in original):

> **Non-Judicial Resolution of Disputes.** If you have a dispute with the Bank and you are not able to resolve the dispute informally, you and the Bank agree that any dispute between or among you and the Bank, regardless of when it arose shall be resolved by the following arbitration process. **You understand and agree that you and the Bank are each waiving the right to a jury trial or a trial before a judge in a public court.**
>
> **Disputes.** A dispute is any unresolved disagreement between or among you and the Bank (and its employees, officers, directors, attorneys, and other agents), arising out of or relating in any way to your Account and/or Services. It includes any dispute relating in any way to your Accounts and Services; to your use of any Bank location or facility; or to any means you may use to access the Bank, such as an automated teller machine (ATM) or Online banking.

This provision not only requires a waiver of class actions but it also requires arbitration of disputes. It is Wells Fargo's policy and practice to provide all customers with a copy of the consumer account agreement at the time they open their account or are added to an existing account (Chavez Decl. at ¶ 7). All six plaintiffs allege that they did not have an opportunity to review and negotiate the terms of the agreement before they opened their respective accounts (Compl. at ¶¶ 34, 42, 43, 57, 67, 76).

Wells Fargo also has a website that provides customers with online banking services. Although not referenced in the complaint, the website, it turns out, has a General Terms of Use page with the following language (Brown Exh. D at 1–2):

> This Site and any of the services provided by Wells Fargo in connection with this Site (the "Services") are being provided to you expressly subject to these Terms of Use. Please read these Terms of Use carefully. By accessing this Site you agree to be bound by these Terms of Use.
>
> "Services" under these Terms of Use include financial services for consumers and businesses and business services offered to you directly by Wells Fargo, and additional services available to you from independent third party service providers accessed through navigation from the Site.
>
> \*     \*     \*
>
> These Terms of Use constitute a contract between you and Wells Fargo governed by the laws of the State of California, with the exception of its conflicts of laws provision.

3

1  In other words, the customer account agreement invokes non-California law but the website
2  agreement invokes California law. Several plaintiffs use Wells Fargo's website for online
3  banking services, for example, to make online payments.

4        This action challenges two bank practices. The first is the bank's practice of reordering
5  the transactions posted each day so that overdraft fees can be charged for multiple transactions
6  even though there were sufficient funds in the account to cover many of the transactions at the
7  time they were made ("re-sequencing scheme"). The second is the bank's failure to notify
8  customers when an electronic debit transaction they are about to enter may cause them to incur
9  an overdraft fee thereby giving the customer the opportunity to avoid the fee ("undisclosed
10 overdraft scheme").

**ANALYSIS**

12       Wells Fargo moves to dismiss for improper venue under Rule 12(b)(3) or in the
13 alternative to dismiss under Rule (12)(b)(6). "A motion to enforce a forum selection clause is
14 treated as a motion to dismiss pursuant to Rule 12(b)(3); pleadings need not be accepted as true,
15 and facts outside the pleadings may be considered." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081
16 (9th Cir. 2009). Because the motion for improper venue is dispositive, this order does not
17 address the bases for Wells Fargo's motion in the alternative.

18       As a threshold matter, the parties dispute what contract governs forum selection and
19 choice of law. Wells Fargo contends that the forum-selection clause and choice of law clause in
20 the consumer account agreement bars suit in California and application of California law;
21 whereas, for the first time now that they are faced with a motion to dismiss, plaintiffs maintain
22 that the general terms of use on Wells Fargo's website govern substantial parts of this action
23 and that the terms of use designate California law to apply to services offered in connection
24 with the website.

25       The forum-selection clause of the consumer account agreement says lawsuits relating to
26 the accounts shall be venued in the state or federal court in the state whose laws govern the
27 account and the choice of law clause states that such governing law is the law of the state where
28 the bank that maintains the account is located (Chavez Exh. A at 33–34). According to Wells

4

Fargo, the relevant state happens to be where each plaintiff resides.  So, this means that plaintiff McMillan, who opened her account in Minnesota, can only bring a suit relating to her account in Minnesota; plaintiff Martinez, who has an account maintained in New Mexico, can only bring suit in New Mexico; and so forth, at least this is so when the contract provision is timely raised.  As none of plaintiffs has an account maintained in California, under the consumer account agreement alone, they can not properly bring suit in California.  In contrast, the website terms of use provide that the terms are governed by California law.  The terms of use, however, do not contain a forum-selection clause.

A review of the allegations in the complaint shows that the complaint is wholly concerned with the consumer account agreement including its various provisions and definitions.  The complaint specifically refers to the consumer account agreement at least nineteen times.  In sharp contrast, the complaint neither references Wells Fargo's terms of use nor states Wells Fargo's website is the basis for venue or the application of California law in this action.  Given that the focus of the complaint is the consumer account agreement, and the agreement, in turn, specifically provides a forum-selection clause and choice of law clause, this order must focus on the consumer account agreement and grant the motion to dismiss for improper venue.

Plaintiffs next argue that the forum-selection clause in the consumer account agreement is unenforceable.  "A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a heavy burden to establish a ground upon which we will conclude the clause is unenforceable. . . . [A] forum selection clause is unenforceable if enforcement would contravene a strong pubic policy of the forum in which suit is brought." *Doe 1*, 552 F.3d at 1083 (internal citation and quotation omitted).

The forum-selection clause in the consumer account agreement does not call out a specific state but rather designates the venue as the state or federal court in the state whose laws "govern" the account.  Based on this language, plaintiffs argue that this Court must first determine which state law governs the claims.  Plaintiffs further argue that, under California choice of law, California would choose to apply its own law in order to protect consumers from

5

the class action waiver and arbitration provision in the consumer account agreement. Conceding for the purpose of argument that California law is more pro-consumer than the laws in Texas, Colorado, and Minnesota and that those states would in fact uphold a class action waiver and arbitration provision, the fact remains that those states have a greater interest in the treatment of their own residents than does California. For example, Minnesota may have an interest in being a pro-business haven receptive to large companies by minimizing consumer rights. This might arguably attract large companies to come into the state to serve its residents, albeit on onerous terms. While this may be hard to swallow in California as to California residents, the consumers in question are *not* in California. The proper law choice still must be the local law where those customers reside, not California law.

Furthermore, while there is a California public policy against consumer class action waivers that applies to *California residents* bringing class action claims under California consumer law, plaintiffs are not California residents. *See Doe 1*, 552 F.3d at 1083. No decision has been cited where out-of-state residents in places, such as Texas, Colorado, or Minnesota, were allowed to escape anti-consumer policies in those jurisdictions by bringing a class action in California to defeat application of a forum-selection clause, a class action waiver and arbitration provision.

Accordingly, Wells Fargo's motion to dismiss for improper venue under Rule 12(b)(3) is **GRANTED**. The action is **DISMISSED WITH LEAVE TO AMEND**. Plaintiffs are hereby granted an opportunity to amend their complaint and assert the alternate theory that the website terms of use govern this action, a possibility that surfaced only in the briefing and was omitted from the complaint. This order does not intimate positively or negatively on that issue. Within fourteen calendar days, plaintiffs may file a motion on a normal 35-day track seeking leave to amend and appending to the motion a proposed amended complaint. The motion should explain why the foregoing deficiencies would be cured and should plead plaintiffs' best case.

**IT IS SO ORDERED.**

Dated: April 17, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6