1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   DONNA MCMILLAN, *et al.*,                          No. C 08-05739 WHA

11            Plaintiffs,

12   v.                                                 **ORDER APPROVING
                                                        STIPULATED PROTECTIVE
13   WELLS FARGO BANK, N.A.                             ORDER SUBJECT TO
                                                        STATED CONDITIONS**
14            Defendant.
                                              /
15

16        The stipulated protective order submitted by the parties is hereby **APPROVED**, subject to

17   the following conditions, including adherence to the recently announced strict caution against

18   sealing orders by the Ninth Circuit (as set out below):

19            1.       The parties must make a good-faith determination that any

20   information designated "confidential" truly warrants protection under Rule 26(c)

21   of the Federal Rules of Civil Procedure.  Designations of material as

22   "confidential" must be narrowly tailored to include only material for which there

23   is good cause.  A pattern of over-designation may lead to an order un-designating

24   all or most materials on a wholesale basis.

25            2.       In order to be treated as confidential, any materials filed with the

26   Court must be lodged with a request for filing under seal in compliance with Civil

27   Local Rule 79-5.  Please limit your requests for sealing to only those narrowly

28   tailored portions of materials for which good cause to seal exists.  Please include

     all other portions of your materials in the public file and clearly indicate therein

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    where material has been redacted and sealed.  Each filing requires an

2    individualized sealing order; blanket prospective authorizations are no longer

3    allowed by Civil Local Rule 79-5.

4         3.     Chambers copies should include all material — both redacted and

5    unredacted — so that chambers staff does not have to reassemble the whole brief

6    or declaration.  Although chambers copies should clearly designate which

7    portions are confidential, chambers copies with confidential materials will be

8    handled like all other chambers copies of materials without special restriction, and

9    will typically be recycled, not shredded.

10        4.     In *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006),

11   the Ninth Circuit held that *more* than good cause, indeed, "compelling reasons"

12   are required to seal documents used in dispositive motions, just as compelling

13   reasons would be needed to justify a closure of a courtroom during trial.

14   Otherwise, the Ninth Circuit held, public access to the work of the courts will be

15   unduly compromised.  Therefore, no request for a sealing order will be allowed

16   on summary judgment motions (or other dispositive motions) unless the movant

17   first shows a "compelling reason," a substantially higher standard than "good

18   cause."  This will be true regardless of any stipulation by the parties.  *Counsel are*

19   *warned that most summary judgment motions and supporting material should be*

20   *completely open to public view.*  Only social security numbers, names of

21   juveniles, home addresses and phone numbers, and trade secrets of a compelling

22   nature (like the recipe for Coca Cola, for example) will qualify.  If the courtroom

23   would not be closed for the information, nor should any summary judgment

24   proceedings, which are, in effect, a substitute for trial.  Motions *in limine* are also

25   part of the trial and must likewise be laid bare absent compelling reasons.  Please

26   comply fully.  Noncompliant submissions are liable to be stricken in their

27   entirety.

28

2

**United States District Court**
For the Northern District of California

1    5.    Any confidential materials used openly in court hearings or trial

2  will not be treated in any special manner absent a further order.

3    6.    This order does not preclude any party from moving to

4  undesignate information or documents that have been designated as confidential.

5  The party seeking to designate material as confidential has the burden of

6  establishing that the material is entitled to protection.

7    7.    The Court will retain jurisdiction over disputes arising from the

8  proposed and stipulated protective order for only **NINETY DAYS** after final

9  termination of the action.

10

11    **IT IS SO ORDERED.**

12

13  Dated:  July 10, 2009.

14    WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28